IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM HOTELS AND
RESORTS, LLC, and WYNDHAM
VACATION OWNERSHIP, INC.

    Plaintiffs,

v.

LEISURE GETAWAYS, INC.,
ALEXANDER CAVIT HANDLEY, and
MICHAEL MORRELL

    Defendants.
_____/

CASE NO.:  6:17-cv-501-Orl-31GJK

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

Defendants LEISURE GETAWAYS, INC. ("LGI"), ALEXANDER CAVIT HANDLEY ("Handley"), and MICHAEL MORRELL ("Morrell") ("Defendants"), by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' Complaint for Injunctive Relief as follows:

**A.
Responses to Allegations Contained in Numbered
Paragraphs of Plaintiffs' Complaint for Injunctive Relief**

1.    Defendants are without information or knowledge sufficient to form a belief as to whether Plaintiff WYNDHAM HOTELS AND RESORTS, LLC is a

limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Parsippany, New Jersey, and the allegation is therefore denied.

2.  Defendants are without information or knowledge sufficient to form a belief as to whether Plaintiff WYNDHAM VACATION OWNERSHIP, INC. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Orlando, Florida, and the allegation is therefore denied.

3.  Defendants admit the allegations in Paragraph 3 of Plaintiffs' Complaint for Injunctive Relief.

4.  Defendants admit the allegations in Paragraph 4 of Plaintiffs' Complaint for Injunctive Relief.

5.  Defendants admit the allegations in Paragraph 5 of Plaintiffs' Complaint for Injunctive Relief.

6.  Defendants deny the allegations in Paragraph 6 of Plaintiffs' Complaint for Injunctive Relief.

7.  Defendants deny that Plaintiffs have a valid claim against Defendants.

8.  Defendants deny the allegations in Paragraph 8 of Plaintiffs' Complaint for Injunctive Relief.

9.  Defendants deny the allegations in Paragraph 6 of Plaintiffs'

Complaint for Injunctive Relief.

10. Defendants admit that they are subject to the jurisdiction of this Court.

11. Defendants deny that Plaintiffs have a valid claim against Defendants.

12. Defendants deny the allegations in Paragraph 12 of Plaintiffs' Complaint for Injunctive Relief.

13. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

14. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

15. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

16. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

17. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

18. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

19. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

20. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

21. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

22. Defendants deny the allegations in Paragraph 22 of Plaintiffs' Complaint for Injunctive Relief as it relates to the claim that Defendants have engaged in conduct which constitutes an unauthorized use of Plaintiffs' marks. Defendants are without information or knowledge sufficient to form a belief as to the remainder of the allegations contained in Paragraph 22 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

23. Defendants admit the general premise of the allegations in Paragraph 23 of Plaintiffs' Complaint for Injunctive Relief. Otherwise, Defendants deny the

allegations in Paragraph 23 of Plaintiffs' Complaint for Injunctive Relief.

24. Defendants admit the general premise of the allegations in Paragraph 24 of Plaintiffs' Complaint for Injunctive Relief. Otherwise, Defendants deny the allegations in Paragraph 24 of Plaintiffs' Complaint for Injunctive Relief.

25. Defendants admit the general premise of the allegations in Paragraph 25 of Plaintiffs' Complaint for Injunctive Relief. Otherwise, Defendants deny the allegations in Paragraph 25 of Plaintiffs' Complaint for Injunctive Relief.

26. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

27. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

28. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

29. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

30. Defendants are without information or knowledge sufficient to form a

belief as to the allegations contained in Paragraph 30 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

31. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

32. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

33. Defendants deny the allegations in Paragraph 33 of Plaintiffs' Complaint for Injunctive Relief.

34. Defendants deny the allegation in Paragraph 34 of Plaintiffs' Complaint for Injunctive Relief as it relates to the claim that LGI has never had a business relationship with Plaintiffs as it is not clear what is meant by "business relationship." Defendants admit the remainder of the allegations in Paragraph 34 of Plaintiffs' Complaint for Injunctive Relief.

35. Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint for Injunctive Relief.

36. Defendants deny the allegations in Paragraph 36 of Plaintiffs' Complaint for Injunctive Relief.

37. Defendants deny the allegations in Paragraph 37 of Plaintiffs' Complaint for Injunctive Relief.

38. Defendants deny the allegations in Paragraph 38 of Plaintiffs' Complaint for Injunctive Relief.

39. Defendants deny the allegations in Paragraph 39 of Plaintiffs' Complaint for Injunctive Relief.

40. Defendants deny the allegations in Paragraph 40 of Plaintiffs' Complaint for Injunctive Relief.

41. Defendants deny the allegations in Paragraph 41 of Plaintiffs' Complaint for Injunctive Relief.

42. Defendants deny the allegations in Paragraph 42 of Plaintiffs' Complaint for Injunctive Relief.

43. Defendants deny the allegations in Paragraph 43 of Plaintiffs' Complaint for Injunctive Relief.

44. Defendants deny the allegations in Paragraph 44 of Plaintiffs' Complaint for Injunctive Relief.

45. Defendants deny the allegations in Paragraph 45 of Plaintiffs' Complaint for Injunctive Relief.

46. Defendants deny the allegations in Paragraph 46 of Plaintiffs' Complaint for Injunctive Relief.

47. Defendants deny the allegations in Paragraph 47 of Plaintiffs' Complaint for Injunctive Relief.

48. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 48 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

49. Defendants deny the allegations in Paragraph 49 of Plaintiffs' Complaint for Injunctive Relief.

50. Defendants deny the allegations in Paragraph 50 of Plaintiffs' Complaint for Injunctive Relief.

51. Defendants deny the allegations in Paragraph 51 of Plaintiffs' Complaint for Injunctive Relief that Defendants have ever engaged in any actionable conduct as described in Paragraph 51 of Plaintiffs' Complaint for Injunctive Relief.  Defendants admit that Exhibit B to Plaintiffs' Complaint for Injunctive Relief is what Plaintiffs purport it to be.

52. Defendants deny the allegations in Paragraph 52 of Plaintiffs' Complaint for Injunctive Relief.

53. Defendants deny the allegations in Paragraph 53 of Plaintiffs' Complaint for Injunctive Relief.

54. Defendants deny the allegations in Paragraph 54 of Plaintiffs' Complaint for Injunctive Relief.

55. Defendants deny that it was necessary for Plaintiffs to retain counsel in order to protect its interests as set forth in Plaintiffs' Complaint for Injunctive Relief. Defendants are without information or knowledge sufficient to form a belief as to the remainder of the allegations contained in Paragraph 55 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

56. Defendants hereby incorporate by reference its responses to the allegations contained in Paragraphs 1 through 55 of Plaintiffs' Complaint for Injunctive Relief as set forth above.

57. Defendants admit that Paragraph 57 of Plaintiffs' Complaint for Injunctive Relief is a citation to Section 43(a) of the Lanham Act but deny that they have engaged in any conduct which is actionable under the Lanham Act.

58. Defendants deny the allegations in Paragraph 58 of Plaintiffs' Complaint for Injunctive Relief.

59. Defendants deny the allegations in Paragraph 59 of Plaintiffs' Complaint for Injunctive Relief.

60. Defendants deny the allegations in Paragraph 60 of Plaintiffs' Complaint for Injunctive Relief.

61. Defendants are without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 61 of Plaintiffs' Complaint for Injunctive Relief and the allegations are therefore denied.

62. Defendants deny the allegations in Paragraph 62 of Plaintiffs' Complaint for Injunctive Relief.

63. Defendants deny the allegations in Paragraph 63 of Plaintiffs' Complaint for Injunctive Relief.

64. Defendants hereby incorporate by reference its responses to the allegations contained in Paragraphs 1 through 55 of Plaintiffs' Complaint for Injunctive Relief as set forth above.

65. Defendants deny the allegations in Paragraph 65 of Plaintiffs' Complaint for Injunctive Relief.

66. Defendants deny the allegations in Paragraph 66 of Plaintiffs' Complaint for Injunctive Relief.

67. Defendants deny the allegations in Paragraph 67 of Plaintiffs' Complaint for Injunctive Relief.

**B.**
**General Denial of Allegations in Plaintiffs' Complaint for Injunctive Relief**

As authorized by FED. R. CIV. P. 8, Defendants generally deny that they are liable to Plaintiffs. Defendants further deny every allegation of fact, conclusion of law or other matter contained in Plaintiffs' Complaint which has not been expressly admitted above.

**C.**
**Defenses and Affirmative Defenses**

**First Affirmative Defense**

Plaintiffs' Complaint fails to state a cause of action.

**Second Affirmative Defense**

Plaintiffs' claims are barred on grounds that Defendants are engaging in lawful and legal competition in the promotion and sale of LGI products and services.

**Third Affirmative Defense**

Plaintiffs' claims are barred on grounds that Defendants have engaged in fair use of LGI's name in the promotion and sale of LGI's own products and services.

### Fourth Affirmative Defense

Plaintiffs' claims are barred to the extent the alleged acts at issue were licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

### Fifth Affirmative Defense

Plaintiffs have not alleged any act or omission, against Defendants Handley and Morrell, individually, that would subject them to liability. All of Plaintiffs' allegations relate to the promotion and sale of LGI's products and services. Nothing is alleged against the individual Defendants which would pierce the corporate shield doctrine or otherwise subject Handley and Morrell to individual or personal liability.

### Sixth Affirmative Defense

Plaintiffs have not sustained any damages, but to the extent Plaintiffs have sustained damages, Plaintiffs claims are barred on grounds that Plaintiffs have failed to use reasonable means to mitigate their damages.

### D.
### Claim for Attorney's Fees

Plaintiffs' claims have no merit. Accordingly, Defendants are entitled to an award of reasonable attorney's fees incurred in defense of this action pursuant to 15 U.S.C. § 1117(a), Fla. Stats. §501.2105 and applicable law.

## E.
## Jury Demand

Pursuant to FED. R. CIV. P. 38, Defendants hereby demand a trial by jury.

## F.
## Prayer for Relief

Defendants deny that Plaintiffs are entitled to any of the relief sought by way of Plaintiffs' Complaint for Injunctive Relief.

Defendants LEISURE GETAWAYS, INC., ALEXANDER CAVIT HANDLEY, and MICHAEL MORRELL respectfully pray that Plaintiffs takes nothing by reason of this suit against them, that Plaintiffs' suit be dismissed with prejudice, that all of Defendants attorneys fees and costs be assessed against Plaintiffs, and that Defendants be awarded such further relief, both general and special, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/   William B. Pringle III*
William B. Pringle III
**LAW OFFICES OF WILLIAM B. PRINGLE III, P.A.**
Florida Bar Number 777986
255 South Orange Avenue, Suite 1200
Post Office Box 6340
Orlando, Florida 32802-6340
Telephone   (407) 843-3701
Facsimile    (407) 650-1800
wbp@pringlelaw.com

AND

        Spencer Edwards
        **THE HUDGINS LAW FIRM, A**
        **PROFESSIONAL CORPORATION**
        Texas State Bar Number 90001513
        *To Be Admitted Pro Hac Vice*
        24 Greenway Plaza, Suite 2000
        Houston, Texas 77046
        Telephone   (713) 623-2550
        Facsimile    (713) 623-2793
        sedwards@hudgins-law.com

        **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing on April 21, 2017 with the Clerk of the Court by using the Courts CM/ECF System which will complete service to the following: Mary Leslie Smith, Esq., Foley & Lardner LLP, One Biscayne Tower, Suite 1900, 2 South Biscayne Boulevard, Miami, Florida 33131, mlsmith@foley.com and Christina M. Kennedy, Esq., Foley & Lardner LLP, 111 N. Orange Avenue, Suite 1800, Orlando, Florida 32801, ckennedy@foley.com.

        */s/  William B. Pringle III*
            William B. Pringle III, Esquire