IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| WYNDHAM HOTELS AND RESORTS, LLC, and WYNDHAM VACATION OWNERSHIP, INC. | § § § § | |
| v. | § § | Case No. 6:17-cv-501-Orl-31GJK |
| LEISURE GETAWAYS, INC., ALEXANDER CAVIT HANDLEY, and MICHAEL MORRELL | § § § § | |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MEMORANDUM BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant LEISURE GETAWAYS, INC. ("LGI") files this Motion for Protective Order and Memorandum Brief in Opposition to Plaintiff's Motion to Compel Discovery (Doc. 27) as follows:

**A.
BACKGROUND**

Wyndham Vacation Ownership, Inc. ("WVO") filed this lawsuit because it believes that LGI is "targeting" WVO owners in an effort to market and sell its own products and services. This is not true, but even if it were, this would not be actionable conduct. In an attempt to make this an actionable cause, WVO has disguised its claims under the Lanham Act and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and alleged that LGI was misleading consumers regarding LGI's affiliation with WVO. (Doc. 1).

WVO then served LGI with its First Set of Interrogatories and First Requests for Production of Documents. Rather than seeking information related to its Lanham Act and FDUTPA claims, WVO's discovery sought information about LGI alleging targeting its owners. Critically, WVO is seeking to discover the sources of LGI's marketing leads as well as the leads themselves. The means, methods, and mechanics of how and from whom LGI obtains it marketing leads is highly confidential and the disclosure of this information to a competitor of LGI would cause irreparable harm to LGI's business. The discovery of this information is the most critical aspect of this protective order and is the primary disagreement between LGI and WVO as it relates to its motion to compel discovery. In addition to being highly confidential, the source of the leads and the leads themselves are unrelated to WVO claims under the Lanham Act and FDUTPA.

LGI timely responded to WVO's discovery requests. In addition to providing answers to interrogatories and serving over 200 documents that included LGI's contract that specifically states it is not affiliated with WVO[1], LGI also objected to several of WVO's discovery requests because the requests were not relevant to WVO's Lanham Act or FDUTPA claims. In fact, the interrogatories and requests for production of documents objected to by LGI sought confidential, proprietary information that is in no way relevant to WVO's claims. Rather, the interrogatories and requests sought LGI's lead customer contacts, telemarking vendors, sales contacts made by LGI, its business practices, and

---

[1] In response to WVO's discovery request, LGI produced its contract to WVO, which states that LGI's membership programs are not endorsed by or directly affiliated with WVO. Because this document was produced pursuant to the Confidentiality Agreement between the parties, LGI has not attached it as an exhibit to this motion.

employee compensation formulas—none of which would provide any information regarding any misrepresentations that LGI was allegedly affiliated with WVO.

After receiving the responses and objections, WVO contacted LGI in an attempt to resolve the discovery dispute. LGI not only attempted to resolve the discovery dispute with WVO, [2] but it also tried to resolve the entire lawsuit and clarify any misunderstandings between the parties. Counsel for LGI had lengthy discussions with counsel for WVO regarding the scope of discovery and the information WVO sought and counsel for WVO's consistent response was that it needed the information because it believes LGI is targeting WVO's owners. Not only is this untrue and not a basis for a Lanham Act or FDUTPA claim, but it is also not against the law for LGI to contact WVO's owners.

Further, despite a confidentiality agreement being in place, LGI still had issues producing certain irrelevant documents because the documents contain LGI's business leads and WVO would not agree to refrain from conducting third-party discovery with any potential parties in these documents. Accordingly, LGI seeks an order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure protecting it from answering interrogatories and producing documents contained in Plaintiff's Motion to Compel Discovery and to preclude WVO from engaging in discovery with Defendants and third parties that relates to LGI's confidential information and trade secrets.

---

[2] Admittedly, WVO conceded that the several requests for production of documents were overly broad as it revised the requests in an attempt to limit the scope. With regard to this motion, WVO revised Requests for Production Nos. 3, 4, 8, 10, 11, and 19.

**B.**
**MOTION FOR PROTECTVE ORDER AND MEMORANDUM BRIEF IN OPPOSITION TO MOTION TO COMPEL**

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . FED. R. CIV. P. 26(b)(1). In the context of investigating a Lanham Act violation or FDUTPA claim, the focus is upon whether

> Any person who, on connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, . . . which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, . . . or as to origin sponsorship, or approval of goods, services, or commercial activities . . .

15 U.S.C. § 1125(a)(1)(A). To move beyond that focus is beyond the scope of discovery and that is exactly what WVO did.

**1.  LGI seeks an order protecting the information and documents WVO has sought to compel.**

Rule 26(c) of the Federal Rules of Civil Procedure states:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; . . . [and] (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . .

FED. R. CIV.P. 26(c)(1)(A), (G). *Tillman v. C.R. Bard, Inc.*, 297 F.R.D. 660, 663 (M.D. Fla. 2014). Good cause "generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litigation,* 820 F.2d 352, 356 (11th Cir. 1987). In the case of trade secrets and confidential information, courts determine good

4

cause by considering whether: (1) the party asserting the protection consistently treated the information as closely guarded secrets; (2) the information represented substantial value to that party; (3) the information would be valuable to the party's competitors; and (4) the information derived its value by virtue of the effort of its creation and lack of dissemination. *Tillman*, 297 F.R.D. at 663. Additionally, federal courts have superimposed a balancing of interests approach for Rule 26's good cause requirement. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential. *Id.*

Rather than requesting information or documents regarding LGI's alleged misrepresentations regarding affiliations with WVO or any confusion that LGI may have caused with any customers, WVO served discovery requesting LGI's proprietary information, business relationships, business models, employee compensation, telemarking vendors and most importantly, its lead customer contacts. None of these categories of information, if disclosed, would show an alleged misrepresentation made to a WVO customer or confusion on the customer's behalf regarding an alleged affiliation. In fact, disclosing information related to the above categories would give WVO a competitive advantage and would be detrimental to LGI's business. (Exhibit 1). Further, the information requested by WVO holds substantial value to LGI and LGI has consistently treated the information as closely guarded secrets to its business practice. Because the information requested by WVO does not relate to its Lanham Act or

5

FDUTPA claims, keeping the information confidential greatly outweighs disclosing it to WVO.

Further, if LGI is required to produce its trade secrets and other confidential information to WVO, specifically its lead customer lists and vendors, WVO could engage in formal discovery with these third parties or make other efforts to obtain information from individuals or companies who have business relationships with LGI. This would cause irreparable harm to LGI's business and would have a chilling effect on LGI's relationships such that LGI's business would suffer irreparable harm and this is exactly why courts have held that this information is protected. *See Fadalla v. Life Auto. Products, Inc.*, 258 F.R.D. 501, 506 (M.D. Fla. 2007) (the identity of customers and suppliers, the products a company markets or sells to such customers and suppliers, its marketing strategies, and sales figures is the type of information that is protected because it would be harmful if disclosed); *Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 191 F.Supp.2d 1346, 1351 (M.D.Fla. 2002) (stating customer lists which are confidential and information contained within the customer lists are trade secrets); and *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hagerty,* 808 F. Supp. 1555, 1558 (S.D. Fla.1992) (concluding customer list was a trade secret because Plaintiff took measures to ensure the list's confidentiality). As a result, LGI requests this Court issue a protective order precluding WVO from engaging in discovery with Defendants and third parties that relate to LGI's confidential information and trade secrets, deny Plaintiff's Motion to Compel Discovery and sustain LGI's objections to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents.

2.     **LGI requests this Court deny Plaintiff's Motion to Compel Discovery because its objections were proper.**

Not only should this Court issue an order protecting the information and documents WVO has compelled, but this Court should also sustain LGI's objections. As mentioned above, WVO's claims against LGI relate to LGI's alleged misrepresentations or confusion caused to customers regarding LGI's affiliation with WVO. Accordingly, WVO's discovery requests should be tailored to information related to any of these alleged misrepresentations or confusion. WVO's discovery requests, however, exceeded these bounds and as a result, LGI objected to the requests and stands by its objections. Below are the categories of information that WVO requested that LGI contends are beyond the scope of discovery related to its Lanham Act and FDUTPA claims.

| **Category of Discovery** | **Requests** | **Why objection should be sustained** |
|---|---|---|
| Information related to LGI's former employees, employees and independent contractors | ROG Nos. 1, 2 | • This information is proprietary in nature<br>• Confidential information of LGI<br>• Potential for WVO to contact and harass sources causing harm to LGI's business<br>• WVO can use contacts for a competitive advantage |
| Information and documents regarding LGI's customer leads | ROG Nos. 3, 4<br>RFP Nos. 36 – 41 | • This information is proprietary in nature<br>• Confidential information of LGI<br>• Potential for WVO to contact and harass sources causing harm to LGI's business<br>• WVO would not agree to not |

7

| | | |
|---|---|---|
| | | • contact leads<br>• WVO can use customer leads for a competitive advantage |
| Information and documents regarding the products and services LGI offers | ROG No. 5<br>RFP No. 19 | • This information is proprietary in nature<br>• Confidential information of LGI<br>• LGI's products and services do not relate to Lanham Act claim of misrepresentation or confusion of customers |
| Information and documents regarding formulas used to compensate LGI employees | ROG No. 6<br>RFP Nos. 42, 43 | • This information is proprietary in nature<br>• Confidential information of LGI<br>• The manner in which employees are compensated is irrelevant to whether an employee caused confusion or made an alleged misrepresentation to a customer |
| Information regarding client meeting with prospective customers | ROG No. 8, 9 | • This information is proprietary in nature<br>• Confidential information of LGI<br>• This information exceeds WVO customers which give WVO an opportunity to contact LGI's prospective customers<br>• WVO can use client meeting lists for a competitive advantage<br>• LGI is not prohibited from contacted WVO customers |
| Information regarding telephone numbers LGI "utilized" | ROG No. 10 | • LGI is unclear as to what information WVO is requesting with this interrogatory<br>• Specifically, is LGI looking for telephone numbers LGI |

8

| | | |
|---|---|---|
| | | • called or telephone numbers affiliated with LGI?<br>• This information is proprietary in nature |
| Documents evidencing complaints filed against LGI and their respective responses | RFP No. 3, 4, 5 | • This request is not limited in scope as WVO is not entitled to all complaints filed against LGI and its respective responses<br>• The only complaints and/or responses relevant to this lawsuit relate to complaints that LGI misrepresented an affiliation with WVO or complaints that a customer was confused by an alleged misrepresentation of an LGI employee |
| Documents regarding sales made by LGI employees | RFP Nos. 8, 10 – 13, 15, 16, 20 | • This information is proprietary in nature<br>• Confidential information of LGI<br>• LGI's sales and transaction, whether involving WVO properties or not, do not relate to Lanham Act claim of misrepresentation or confusion of customers<br>• Potential for WVO to contact and harass clients causing harm to LGI's business<br>• The purchase and/or sale of WVO properties is not prohibited and is irrelevant to a Lanham Act claim of misrepresentation of an affiliation and/or confusion of a customer |
| Documents related to LGI's telemarketing and sales scripts provided to a third party marketing company | RFP No. 30 | • LGI is unclear as to what WVO is referring to with this request<br>• This information is proprietary |

| | | |
|---|---|---|
| | | • in nature<br>• Confidential information of LGI |
| Agreements between LGI and other companies | RFP Nos. 45 – 47 | • This information is proprietary in nature<br>• Confidential information of LGI<br>• Agreements with other companies is irrelevant to a Lanham Act claim of misrepresentation of an affiliation and/or confusion of a customer |

As exhibited above, the information WVO is seeking to compel relates to LGI's confidential, proprietary business. Any information or documents obtained through these discovery requests would not provide WVO with evidence of alleged misrepresentations of affiliation to WVO or confusion by customers, but rather it would give WVO insight into LGI's confidential business practices. Accordingly, LGI requests that this Court deny WVO's Motion to Compel Discovery and sustain LGI's objections.

## C.
## CONCLUSION

Defendant Leisure Getaways, Inc. respectfully prays that this Court (1) grant Leisure Getaways, Inc.'s Motion for Protective Order; (2) preclude WVO from engaging in discovery with Defendants and third parties regarding LGI's confidential information and trade secrets; (3) deny Plaintiff's Motion to Compel Discovery; (4) sustain Leisure Getaways, Inc.'s objections to Plaintiff's Interrogatories and Request for Production of Documents; and (5) grant Leisure Getaways, Inc. such further relief, both general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ Spencer Edwards
Spencer Edwards
**THE HUDGINS LAW FIRM,**
**A PROFESSIONAL CORPORATION**
Texas State Bar Number 90001513
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone   (713) 623-2550
Facsimile   (713) 623-2793
sedwards@hudgins-law.com

AND

William B. Pringle III
**LAW OFFICES OF WILLIAM B. PRINGLE III,**
**P.A.**
Florida Bar Number 777986
255 South Orange Avenue, Suite 1200
Post Office Box 6340
Orlando, Florida 32802-6340
Telephone   (407) 843-3701
Facsimile   (407) 650-1800
wbp@pringlelaw.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)**

Pursuant to Local Rule 3.01(g), I hereby certify that on the October 5, 2017, I contacted counsel for Wyndham Vacation Ownership, Inc. in good faith to confer regarding this Motion for Protective Order and counsel for Wyndham Vacation Ownership, Inc. is opposed to the motion and we cannot resolve this dispute without court action.

/s/ Spencer Edwards
Spencer Edwards

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system to the following:

Mary Leslie Smith
Foley & Gardner, LLP
One Biscayne Tower, Suite 1900
2 South Biscayne Boulevard
Miami, Florida 33131

Christina M. Kennedy
Foley & Gardner, LLP
111 N. Orange Avenue, Suite 1800
Orlando, Florida 32801

/s/ Spencer Edwards
Spencer Edwards