**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WYNDHAM HOTELS AND RESORTS, LLC,**
a Delaware limited liability company,
**WYNDHAM VACATION OWNERSHIP, INC.,**
a Delaware corporation

**CASE NO: 6:17-cv-00501-GAP-GJK**

     **Plaintiffs,**

vs.

**LEISURE GETAWAYS, INC.,** a Texas
corporation, **ALEXANDER CAVIT HANDLEY**
individually, and **MICHAEL MORRELL,**
individually,

     **Defendants.**
_____/

**NOTICE OF FILING CORRECTED EXHIBIT "A"**
**TO PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO**
**PLAINTIFF'S SECOND DISCOVERY REQUESTS**

     Plaintiff, Wyndham Vacation Ownership, Inc. ("WVO"), by and through undersigned counsel, hereby gives notice of filing corrected Exhibit "A", to the Motion to Compel Better Responses to Plaintiff's Second Discovery Requests (D.E. 35).  A copy of the corrected exhibit is attached hereto as Exhibit "A."

Dated:  January 12, 2018                  *s/Mary Leslie Smith*
                                                Mary Leslie Smith
                                                mlsmith@foley.com
                                                Florida Bar No. 774243
                                                Ana Romes
                                                aromes@foley.com
                                                Florida Bar No. 101179
                                                One Biscayne Tower, Suite 1900
                                                2 South Biscayne Boulevard
                                                Miami, Florida 33131
                                                Tel. No.:  305-482-8400
                                                Fax No:  305-482-8600

4847-7105-9546.1

And

Christina M. Kennedy
ckennedy@foley.com
Florida Bar No. 058242
Foley & Lardner LLP
111 North Orange Avenue
Orlando, FL  32801-2386
Tel. No.:  407.423.7656
Fax No:  407.648.1743

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 12th day of January, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Mary L. Smith*
Mary Leslie Smith

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM HOTELS AND RESORTS, LLC,
a Delaware limited liability company,
WYNDHAM VACATION OWNERSHIP, INC.,
a Delaware corporation,

    Plaintiffs,

CASE NO: 6:17-cv-00501-GAP-GJK

v.

LEISURE GETAWAYS, INC., a Texas
corporation, ALEXANDER CAVIT HANDLEY
individually, and MICHAEL MORRELL,
individually,

    Defendants.
_____/

## STIPULATED CONFIDENTIALITY AGREEMENT

Plaintiffs, Wyndham Hotels & Resorts, LLC and Wyndham Vacation Ownership, Inc. and Defendants, Leisure Getaways, Inc., Alexander Cavit Handley, and Michael Morrell, Inc., hereby stipulate and agree to the following Confidentiality Agreement (hereafter the "Agreement").

1. For the purposes of this Agreement, "Confidential Information" means any information which is designated as "Confidential" by the parties, whether it be a document, information contained in a document, information contained in a response to an Interrogatory, information revealed during a deposition or information otherwise disclosed during discovery. The parties shall designate information as "Confidential" only upon the good faith belief that the information is at least arguably subject to protection.

2.  "Confidential Information" shall, without the necessity of further designation, remain confidential and shall not be disclosed in any fashion, nor be used for any purpose other than the preparation for and trial of this action as provided for herein. No party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

3.  "Qualified Person" shall mean and refer to (i) the parties to this action including employees; (ii) counsel for the parties to this litigation, including office associates, paralegals, and clerical employees; and (iii) witnesses, experts, consultants and other persons consulted or retained in connection with this litigation and who have agreed to be bound by the terms of this Agreement. "Qualified Person" shall also include the Court, representatives and employees of the Court, and the jury on such terms as the Court in its discretion may deem appropriate.

4.  Prior to being permitted access to "Confidential Information" subject to this Agreement, a "Qualified Person" shall sign a Certification in the form attached hereto as Exhibit "A" stating that he/she has read and understands the terms of this Agreement and that he/she will abide by them. The original of each such Certification shall be retained by Counsel of Record for the party permitting the disclosure until the litigation is completed.

5.  "Confidential Information" shall be retained by counsel and shall not be disclosed or made available to any person except a "Qualified Person." Said "Confidential Information" shall not be used by any "Qualified Person," except solely for the purposes of litigation in this action and shall not be used for any other purposes whatsoever. The substance or content of "Confidential Information," as well as copies, summaries, notes and memoranda relating thereto, shall not be disclosed to anyone other than a "Qualified Person." If "Confidential Information"

or summaries thereof have been entered into a computerized database, only "Qualified Persons" shall have access to the database.

6. Each "Qualified Person" agrees to submit to the jurisdiction of this Court for the purpose of enforcement of this Agreement, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Agreement to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Agreement.

7. This Agreement initially protects from disclosure all documents that the producing party designates in good faith as "Confidential." Upon delivery of any document or other information so designated, another party may, within thirty (30) days of delivery of the document or other information, send a letter to the producing party challenging any such designations by indicating by bates number range(s) or other sufficient identifying information precisely which document(s) the challenging party asserts are not in fact "confidential." The parties shall confer in a good faith attempt to informally resolve the dispute. If such attempt is unsuccessful, the designating party shall move the Court for a protective order regarding any designation(s) in question (the "Motion"), enclosing, where appropriate, the documents challenged. The opposing party may trigger a time period in which the Motion must be sent by sending a certified letter to the designating party stating that, in the opposing party's opinion, an impasse regarding designations has been reached (an "Impasse Letter"). Within fifteen (15) days after receipt by the designating party of an Impasse Letter, the designating party must file the Motion with the Court, otherwise the challenged documents will lose their status as "Confidential Information." Once the Motion is filed, the documents challenged hereunder

retain their status as "Confidential Information" unless and until the Court orders that they be released from such status.

8. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any "Confidential Information," whether as part of a document or deposition testimony or otherwise, counsel for any other party may request the Court to preserve the confidentiality of the "Confidential Information" to the extent and by means the Court deems necessary and appropriate, and any party may oppose such a request.

9. Upon the final conclusion (including any appeals) of this action, all parties and "Qualified Persons" and their counsel shall, within sixty (60) days of the conclusion of this action either (i) return all "Confidential Information" (and all copies thereof) to the producing party (shipping costs to be born by the producing party), or (ii) provide a certification that all "Confidential Information" (and all copies thereof) produced by the producing party have been fully destroyed along with the date of destruction.

Dated: July 10, 2017

| | |
|---|---|
| /s/ Spencer Edwards | /s/ Mary Leslie Smith |
| Spencer Edwards, Esq.<br>Texas Bar No. 90001513<br>sedwards@hudgins-law.com<br>The Hudgins Law Firm,<br>A Professional Corporation<br>24 Greenway Plaza, Suite 2000<br>Houston, Texas 77046<br>Telephone: (713) 623-2550<br>Facsimile: (713) 623-2793<br><br>and<br><br>William B. Pringle, III, Esq.<br>Florida Bar No. 777986<br>wbp@pringlelaw.com<br>Law Offices of William B. Pringle, III, P.A.<br>255 South Orange Avenue, Suite 1200<br>Post Office Box 6340<br>Orlando, Florida 32802-6340<br>Telephone: (407) 843-3701<br>Facsimile: (407) 650-1800<br><br>*Attorneys for Defendants* | Mary Leslie Smith<br>Florida Bar No. 774273<br>mlsmith@foley.com<br>**FOLEY & LARDNER LLP**<br>One Biscayne Tower, Suite 1900<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 482-8400<br>Facsimile: (305) 482-8600<br><br>and<br><br>Christina M. Kennedy, Esq.<br>Florida Bar No. 58242<br>Ckennedy@foley.com<br>**FOLEY & LARDNER LLP**<br>111 N. Orange Avenue, Suite 1800<br>Orlando, Florida 32801<br>Telephone: (407) 423-7656<br>Facsimile: (407) 648-1743<br><br>*Attorneys for Plaintiffs* |

5

## EXHIBIT A

### CERTIFICATION

I, _____, understand that information and/or documents which are disclosed to me, which are designated as "Confidential" are **CONFIDENTIAL** and to be used by me solely to assist in the matter of Wyndham Hotels & Resorts, LLC, et al. vs. Leisure Getways, Inc., et al., pending in the U.S. District Court for the Middle District of Florida, Case No.: 6:17-cv-00501-GAP-GJK. I further understand that the parties have entered into a Stipulated Confidentiality Agreement, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such information or documents to any person other than counsel of record or persons assisting them. In accepting disclosure, I agree to be bound by the Stipulated Confidentiality Agreement and to be subject to the jurisdiction of the U.S. District Court for the Middle District of Florida, for the purpose of its enforcement and the enforcement of my obligations under this Certification.

_____
Signed by Recipient

Dated: _____